# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| JOHN EXCEL ARRADONDO,<br><br>          Petitioner,<br><br>v.<br><br>TOM ROY, COMMISSIONER OF<br>CORRECTION<br><br>          Respondent. | Case No. 15-cv-2762 (PAM/SER)<br><br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned on John Excel Arradondo's petition for a writ of habeas corpus, brought under 28 U.S.C. § 2241.[1]  *See* ECF No. 1.  The petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  This Court has conducted a preliminary review of Arradondo's habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  Based on that review, this Court recommends dismissal of Arradondo's petition.

Arradondo's substantive claims are difficult to interpret, but it seems he is still arguing about his guilty plea and the terms of his conditional release from his state conviction in 2006.  *See* Petition, ECF No. 1 at 2 (under "[d]ate of the decision or action" being challenged, Arradondo stated 09/13/2006 and that "supervised release term conditional release term and predator registration . . . circumvent litigants due process").[3]  An in-depth analysis of

---

[1] Because Arradondo's petition challenges his detention by state authorities, it is governed by §2254 not §2241.
[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."
[3] Arradondo has already filed a petition for habeas corpus relief under 28 U.S.C. § 2254 in this Court which was denied on statute of limitations grounds on November 2, 2012.  *Arradondo v. Roy*, 2012 WL 5931712 (D.Minn. 2012).  The Court in that case provided an exhaustive explanation of the various state court cases brought by

Arradondo's claim is therefore unnecessary, as his habeas petition is time-barred. Under 28

U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The final three of those provisions are inapplicable to this case, as (1) there was never any

impediment to Arradondo filing a habeas petition previously (he has in fact already once done

so); (2) Arradondo is not asserting that he is entitled to relief pursuant to a constitutional right

only recently recognized by the Supreme Court; and (3) Arradondo's claim is not predicated on

any new factual discovery.

Under § 2244(d)(1)(A), then, Arradondo would have been required to file his habeas

petition within one year of "the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review . . . ." In this case, Arradondo

---

Arradondo and the effect those cases had on the tolling of Arrandondo's statute of limitations period for purposes of a federal habeas petition.

filed for state post-conviction relief even before filing a direct appeal. *Arradondo v. Roy*, 2012 WL 5931712 at \*2-3. His date by which to file a habeas case was therefore tolled under 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counted toward any period of limitation"). In this Court's previous analysis of Arradondo's statute of limitations problem, the Court determined that the one-year federal statute of limitations could not have begun to run in this case any later than June 16, 2009, which means that the statute of limitations expired in this case on June 16, 2010. *Arradondo* 2012 WL 5931712 at \*3. Arradondo filed this most recent federal habeas petition on June 22, 2015. This was five years too late.

In addition, the statute of limitations period for Arradondo's habeas petition has already been fully examined because Arradondo has already once filed a habeas petition in this Court. Under 28 U.S.C. § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." If the claim was not presented in the prior application, then the applicant would have to show that "the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court" or "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence." 28 U.S.C. § 2244(b)(i)-(ii). Although Arradondo's petition is difficult to understand, he does not appear to be making a successive claim based on one of these arguments.

To the extent that Arradondo is challenging a more recent revocation of his conditional release, it appears that he has not exhausted his state remedies. If Arradondo has a new claim, it cannot be entertained in federal court unless he has fully exhausted all of his available state court

remedies, including his right to seek appellate review in the Minnesota Court of Appeals and the Minnesota Supreme Court. *See* 28 U.S.C. § 2254(b)-(c); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[T]he prisoner must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim" (quotation omitted)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). To the extent that Arradondo is attempting to bring new claims that have not been properly exhausted in state court, he must first exhaust his state remedies and then file a habeas petition in this Court.

Because it is clear on the face of Arradondo's habeas petition and the relevant state-court records that Arradondo's petition based on his 2006 conviction is barred by the statute of limitations, this Court recommends that the petition be denied. Only one matter merits further comment: A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Arradondo's current habeas corpus petition differently than it is

being treated here. Arradondo has not identified, and this Court cannot discern, anything novel, noteworthy, or worrisome about this case that warrants appellate review. It is therefore recommended that Arradondo should not be granted a COA in this matter.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.  Arradondo's petition for a writ of habeas corpus [ECF No. 1] be DENIED.

2.  Any claims based on the 2006 conviction be DISMISSED with prejudice and any new claims based on any more recent revocation of conditional release claims be DISMISSED without prejudice.

3.  No certificate of appealability be granted as to any claims regarding the 2006 conviction.

Dated: August 5, 2015                    _s/Steven E Rau_____
                                         Steven E. Rau
                                         U.S. Magistrate Judge


**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore, not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.